### PADGETT v. CLEVELAND.

1. COSTS—EQUITY.—The direction of the chancellor as to costs in an equity cause is rarely disturbed.

2. ISSUES.—Where a defendant·is brought in under a demand, that he account for the proceeds of sale of a chattel sold under his mortgage, and it is found that the chattel was sold for full value, and that he is not liable to account therefor, the only issue as to him·is finally determined.

3. COSTS—REVERSAL OF DECREE.—The only issue as to a defendant having been decided against him on Circuit, with the further direction, that he pay costs, and this issue being decided for him on appeal, and the Circuit decree on this point reversed, and in all other particulars affirmed, no point being raised or determined as to the costs, the direction as to the costs, being a mere incident to the matter at issue, fell with it; and an order was thereafter properly passed, awarding costs to such defendant.

Before WITHERSPOON, J., Spartanburg, January, 1891.

Action by I. R. Padgett against J. B. Cleveland and others. The opinion states the case.

*Messrs. Carlisle & Hydrick,* for appellants.

*Messrs. Bomar & Simpson,* contra.

November 17, 1892. The opinion of the court was delivered by

MR. JUSTICE MCGOWAN. This case has been in this court

before (see *Padgett* v. *Cleveland*, 33 S. C., 339), in which there was a decision on the merits. The facts of the case are there stated, and the only matter now is as to a question of costs.

The proceeding was in equity, to foreclose a mortgage of real estate given by one Alonzo Turner, and Cleveland and others named were brought in as defendants, upon an allegation that they had sold, under a junior chattel mortgage, an engine and several articles of machinery, which had been made "fixtures" on the land mortgaged, and, as such, belonged to the plaintiff as mortgagee. The issues were referred to the master, who, among other things, recommended, "that the defendants, except the Mecklenburg Iron Works and D. E. Converse, be required to account to the plaintiff for the value of the machinery sold, upon which he had a mortgage, &c., * * * and that the plaintiff recover of the defendants the costs of this action," &c. His honor, Judge Fraser, heard the case, and ordered that the report of the master be confirmed and made the judgment of the court, but made no specific order as to the costs; and directed that parties have leave to apply for such administrative orders as may be proper to carry out the decree. Cleveland and other chattel mortgagees appealed, to reverse so much of the decree as held them liable to account for the value of the property sold, but did not specifically appeal upon the subject of costs. The Supreme Court held, "that the judgment of the Circuit Court be reversed, in so far as the defendant Cleveland and others were required to account to the plaintiff for the value of the machinery sold, upon which he had a chattel mortgage in the sum of $274.50, and that in all other respects it be affirmed."

When the case came up again on the circuit, Judge Witherspoon, after full argument, made the following order: "The remittitur from the Supreme Court having been filed in this court, the attorney for the defendants, Cleveland and others, moved before me for an order making the judgment of the Supreme Court the judgment of this court; and that the complaint be dismissed with costs as to the defendants, Cleveland and others. This motion was resisted. The Supreme Court *reversed* the decree of the Circuit Judge, in so far as the defend-

ants, Cleveland and others, were required 'to account' to the plaintiff for the value of certain machinery, and it has not been made to appear that any other issue can or will be raised under the proceedings, as between the plaintiff and the defendants, Cleveland and others. *It is ordered,* that the judgment of the Supreme Court in the above entitled cause be made the judgment of this court. *It is further ordered,* that the complaint be dismissed with costs as to the defendants, Cleveland and others; and that said defendants have judgment against the plaintiff for costs, to be taxed by the clerk of this court," &c. From this order the plaintiff appeals to this court, upon the grounds of alleged error, as follows: (1) In holding that it has not been made to appear that any other issue can or will be made under the pleadings as between the plaintiff and the defendants, Cleveland and others. (2) In ordering that the complaint be dismissed with costs as to the defendants, Cleveland and others, and that said defendants have judgment against the plaintiff for costs, &c.

Questions as to costs in equity cases are primarily and appropriately for the trial judge acting as chancellor, who is necessarily more familiar with the facts, and, therefore, more competent to do justice than this court can be. The exercise of his judgment upon the subject is rarely disturbed.

As to the first exception. Cleveland and others brought no action in court as plaintiffs, but were brought in as defendants, to answer concerning the machinery which they had sold, as to which demand was made that they should "account for the proceeds of sale." That was the issue between the parties, which was *at first* decided against Cleveland and others, but upon appeal to this court, it was finally decided in their favor. That was the only issue between these parties, unless it might be asked to have the property (machinery) resold at a judicial instead of a private sale; but that question had been settled in advance by the finding of fact that the property had been sold for its full value, which is all the law requires.

As to the other exception. Judge Fraser's decree confirmed the master's report, which in general terms recommended that

Cleveland and the other chattel mortgagees should be required to account to the plaintiff for the value of the machinery sold, and that the plaintiff recover of the defendants the costs of the action. As we understand it, this was not two distinct and unconnected orders, but substantially one; the order to pay the costs being the supplement and sequence of the order to account. If Judge Fraser had decided for Cleveland, and refused to order him to account, it can hardly be supposed that, at the same time, and in the same decree, he would have mulcted them in costs for setting up a claim to property which the court approved. As a rule, costs follow the judgment, as an additional penalty upon those who are held to be in the wrong. The direction as to the payment of the costs in an equity suit is the consequence, but it can hardly be considered as one of the real matters of litigation between the parties. The judgment of this court *reversed* so much of Judge Fraser's order as required Cleveland and others "to account," which, as we think, *carried*, also, the paragraph as to costs, leaving that subject open for a new order, in conformity with the changed character of the decree, upon the merits. As was said by the Chief Justice, in the case of *Bratton* v. *Massey*, 18 S. C., 559, which case must control this: "This, of course, operated as a reversal of the whole decree [so far as these parties were concerned]. It is very true, that in the former appeal that portion of the Circuit decree relating to costs was not specially attacked, but the provision as to costs was a mere incident to the judgment on the merits, and when that was ascertained to be erroneous and was reversed, and the complaint was dismissed, the provision as to costs was likewise reversed, and fell with the judgment on the merits. The judgment of the Supreme Court not having made any provision as to costs, they would necessarily be governed by the general rule upon the subject," &c.

The judgment of this court is, that the judgment of the Circuit Court be affirmed.